# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

BITCO GENERAL INSURANCE COMPANY,

    Plaintiff,

v.

ASHLEY TODD HOLLIMAN, et al.,

    Defendants.

Case No. CIV-17-181-RAW

## ORDER

Before the court are the motions of the defendants Twister Drilling Company ("Twister") and Joanne Lowe to dismiss or in the alternative motion to stay proceedings.[1] Plaintiff brings this action for declaratory judgment to determine a controversy as to the rights and obligations of the parties under policies of insurance related to a claim arising out of a motor vehicle accident.

The complaint alleges as follows: the accident took place on or about May 15, 2013, in Seminole County. Defendant Holliman, an employee of Twister, and his co-worker, John H. Gilbert ("Gilbert") were driving home in Holliman's personal vehicle at their own expense after completing a shift for Twister at a well site. Gilbert (who was driving) and Ty Dwayne Lowe ("Lowe"), the driver of the other vehicle involved, were both killed.

---

[1] Twister filed an initial motion (#12) and Lowe adopted Twister's motion (#16).

Holliman suffered injury. Holliman has filed a civil lawsuit against Twister, Gilbert's estate, Lowe's estate, and others in the District Court of Seminole County, Case No. CJ-2013-104. Defendant Joanne Lowe, individually and as representative of the Lowe estate and children, has also filed a civil lawsuit against Twister, Gilbert's estate, and others, in the same court, Case No. CJ-2014-04.

Plaintiff BITCO issued a Commercial Auto Policy of insurance to Twister effective November 6, 2012 to November 6, 2013. BITCO issued a Commercial Lines Policy of insurance to Twister, effective November 6, 2012 to November 6, 2013.

Plaintiff BITCO alleges that Twister tendered the Seminole County lawsuits to BITCO for defense and indemnity, as a result of which BITCO has defended Twister in those lawsuits, subject to a reservation of rights. Plainitff alleges in the present complaint that it has concluded no coverage is afforded to Twister or Gilbert under the policies of insurance. Thus, plaintiff seeks a declaratory judgment that Twister and Gilbert's estate are afforded no coverage under the policies and that Twister and Gilbert's estate are owed neither a defense nor indemnity from the claims in the Seminole County lawsuits.

The present movants request dismissal or a stay of this action on the basis that BITCO's request for declaratory relief requires this court to determine the key fact issue pending in the Seminole County actions. Movants argue that the key factual issue disputed in the underlying state court action is whether Gilbert was acting in the scope of Twister's employment at the time of the accident. They represent that oral argument was held in state court on May 10, 2017 and "[a] ruling on Lowe's dispositive motion is expected at any

time." (#12 at 3-4).² Of course, the state court might deny the motion, but that would still appear to leave scope of employment as a fact question for the jury.

Generally, a federal court "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *St. Paul Fire & Marine Ins. Co. v. Runyon,* 53 F.3d 1167, 1170 (10th Cir.1995). Factors for the district court to consider are (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective. *State Farm Ins. & Cas. Co. v. Mhoon,* 31 F.3d 979, 983 (10th Cir.1994).

Here, the court finds that the first three factors are largely inapplicable.³ While theoretically this court's issuance of a declaratory judgment <u>would</u> settle the controversy and serve a "useful purpose" in that sense, this would be done by preempting an imminent ruling

---

²Interestingly, the Supreme Court of Oklahoma has answered the question *as to this accident* in the affirmative. *See Holliman v. Twister Drilling Co.,* 377 P.3d 133 (Okla.2016). That case involves the Workers' Compensation context, however, which is its own unique universe. The decision is not cited as binding precedent as to interpretation of an insurance policy.

³"[T]he court initially seized of a controversy should be the one to decide the case . . . It should make no difference whether the competing courts are both federal courts or a state and federal court with undisputed concurrent jurisdiction." *Merrill Lynch, Pierece, Fenner & Smith v. Haydu,* 675 F.2d 1169, 1173-74 (11th Cir.1982).

3

in state court. The fourth factor, however, is applicable considering how long the state court proceedings have been pending. *See Mhoon,* 31 F.3d at 984 (stay of declaratory judgment action proper where state court proceeding "quite far along"). As for the fifth factor, again it appears the litigation in state court is close to reaching a conclusive point. There is no reason to believe that a better or more effective remedy exists.

BITCO argues that a distinction exists in the case at bar. There is a policy exclusion regarding whether Holliman's personal vehicle, driven by Gilbert, was being "used in [Twister's] business" at the time of the accident. BITCO contends this is a distinct issue and that no court has interpreted this policy language as a matter of Oklahoma law. Movants disagree with the import of the issue, stating "[f]rom a practical standpoint, such determination is very close, if distinguishable at all, to the issue of whether Gilbert was acting in the scope of employment." (#12 at 9). The court agrees with movants. In *Union Standard Ins. Co. v. Hobbs Rental Corp.,* 566 F.3d 950, 953 (10th Cir.2009), the court approvingly cited *Bamber v. Lumbermens Mut. Cas. Co.,* 680 A.2d 901, 903 (1996) for the proposition that "an employee's personal vehicle is a non-owned auto used in 'connection with [insured's] business' when used in the course and scope of employee's employment with the insured." *See also Nat'l Interstate Ins. Co. v. Morgan & Sons Weekend Tours, Inc.,* 2013 WL 5430414, **8-9 (M.D.N.C.2013)(factor to consider in interpreting such a policy provision is scope of employment). The court is persuaded the motions should be granted.

When there is a choice to stay or dismiss a case where there are contemporaneous state and federal proceedings, the Tenth Circuit observes: "We think the better practice is to

4

stay the federal action pending the outcome of the state proceedings." *Fox v. Maulding,* 16 F.3d 1079, 1083 (10th Cir.1994). "In the event the state court proceedings do not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action." *Id.* This court will abide by this guidance and stay rather than dismiss this case.

It is the order of the court that the motions to dismiss or in the alternative to stay (##12 & 16) are hereby granted in part and denied in part. The court orders a stay of this case pending the disposition of the pending cases (CJ-2013-104 and CJ-2014-04) in Seminole County.

It is further ordered that this case shall be administratively closed for the duration of the stay. This administrative termination is without prejudice to the right of any party to file a motion to reopen this case within 30 days after the entry of final judgments in the above-referenced Seminole County cases.

**ORDERED THIS 4th DAY OF AUGUST, 2017.**

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma